UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| KENNETH ANTHONY IDEL CULBRETH | CIVIL ACTION NO. 13-1262-P |
| VERSUS | JUDGE FOOTE |
| LOUIS EDWARDS, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

Kenneth Anthony Idel Culbreth ("Plaintiff") filed a civil rights complaint against Louis Edwards, Glenn Goodwin, Earl Benson, Antonio Turner, Jamie Fussel, James Arnold, Patrice Kennedy, Lonnie Nail, Mark Hunter, Roderick Malcolm, Angie Huff, Gary Grant, Jerry Goodwin, Nikki McCoy, the David Wade Correctional Center, and the Louisiana Department of Corrections. He claims prison officials violated his constitutional rights while incarcerated at the David Wade Correctional Center in Homer, Louisiana.

Plaintiff filed a motion for temporary restraining order and preliminary injunction (Doc. 11). He asks that the court enjoin defendants from violating the rights of the witnesses to his claims. In support of his motion, Plaintiff claims that he has personal knowledge and experience of Defendants taking adverse actions against him and causing him hardships. He claims he fears for the safety of his witnesses. Specifically, Plaintiff claims he was placed in a strip cell because he filed complaints and grievances about his unfair and unequal living conditions and the adverse actions of Defendants.

> Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:
>
> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction. The allegations in this motion do not present a substantial likelihood of success on the merits. Plaintiff's claims are merely speculative. The issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

<220>
<220>
<220>
<220>
<220>
<220>

<220>
<220>
<220>
<220>
<220>
<220>
<220>

<220>
<220>
<220>

<220>
<220>

<220>
<220>

<220>
<220>
<220>

<220>

<220>

<220>
<220>

<220>

<220>
<220>
<220>
<220>
<220>

<220>
<220>

<220>
<220>

<220>
<220>
<220>
<220>

<220>
<220>
<220>

<220>

<220>
<220>
<220>
<220>

<220>

<220>
<220>
<220>

<220>

<220>
<220>
<220>
<220>
<220>

<220>
<220>

<220>
<220>

<220>

<220>
<220>

<220>

<220>
<220>

<220>

<220>
<220>

<220>

<220>

<220>
<220>

<220>
<220>

<220>
<220>

<220>
<220>

<220>
<220>
<220>
<220>

<220>
<220>
<220>
<220>

<220>

<220>
<220>

<220>
<220>
<220>

<220>
<220>

<220>
<220>
<220>

<220>

<220>
<220>

<220>
<220>
<220>

<220>
<220>

<220>
<220>

<220>
<220>
<220>

<220>
<220>
<220>
<220>

<220>

<220>

<220>
<220>

<220>

<220>
<220>

<220>
<220>

<220>
<220>
<220>
<220>

<220>
<220>

<220>
<220>
<220>
<220>
<220>

<220>
<220>
<220>
<220>
<220>

<220>
<220>
<220>
<220>
<220>

<220>
<220>
<220>

<220>
<220>

<220>

<220>

<220>
<220>

<220>

<220>
<220>
<220>

<220>
<220>

<220>
<220>

<220>

<220>
<220>

<220>
<220>
<220>

<220>
<220>
<220>

<220>

<220>
<220>

<220>

<220>
<220>

<220>

<220>
<220>

<220>
<220>
<220>
<220>
<220>

<220>
<220>
<220>

<220>
<220>

<220>
<220>

<220>
<220>
<220>

<220>

<220>

<220>
<220>
<220>
<220>

<220>
<220>
<220>

<220>

<220>
<220>

<220>

<220>
<220>
<220>
<220>
<220>

<220>
<220>

<220>
<220>

<220>

<220>
<220>

<220>
<220>
<220>

<220>
<220>

<220>
<220>
<220>

<220>

<220>
<220>

<220>
<220>
<220>

<220>
<220>

<220>
<220>

<220>
<220>
<220>

<220>
<220>
<220>
<220>

<220>

<220>

<220>
<220>

<220>

<220>
<220>

<220>
<220>

<220>
<220>
<220>
<220>

<220>
<220>

<220>
<220>
<220>
<220>
<220>

<220>

**IT IS RECOMMENDED** that the motion for temporary restraining order and/or preliminary injunction (Doc. 11) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 16 day of January, 2014.



Mark L. Hornsby
U.S. Magistrate Judge